## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Civil No. **14-2677 PJM** |
| | Crim No. **12-0286 PJM** |
| **MATTHEW HINKLE,** | |
| Petitioner-Defendant. | |

### MEMORANDUM OPINION

Petitioner Matthew Hinkle has filed two motions to vacate judgment under 28 U.S.C. § 2255. ECF Nos. 38, 54. No hearing is necessary. *See, e.g. United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the reasons that follow, the Court **DENIES** the Motions.

### I.    Background

On May 23, 2012, a federal grand jury returned a two-count indictment charging Hinkle with robbery in violation of 18 U.S.C. § 1951, as well as for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). ECF No. 1. These offenses arose from Hinkle's armed robbery of a 7-Eleven store on January 15, 2012. ECF No. 26 (plea agreement). During the robbery, Hinkle was armed with a semi-automatic pistol that was fully loaded with nine rounds of ammunition. *Id.* He brandished the pistol at a store employee, attempted to open the cash register, but was unsuccessful, threw merchandise, and tossed the pistol to the floor behind the counter. *Id.* Police responded and placed Hinkle under arrest. *Id.*

On July 1, 2013, the Government filed a Superseding Information charging Hinkle with carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF No. 22. On July 2, 2013, Hinkle pled guilty to that single offense. ECF Nos.

24, 26.  On September 6, 2013, the Court sentenced Hinkle to seven years of imprisonment with credit for time served, followed by five years' supervised release. ECF No. 36 (Judgment). Hinkle did not appeal.

On August 13, 2014, Hinkle, through a "jailhouse attorney," filed a Motion to Vacate his conviction under 28 U.S.C. § 2255, which he also styled as a Motion for the Issuance of a Writ Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion for issuance of a Writ of Audita Querela.[1] ECF 38.  He argued, *inter alia*, that the court lacked jurisdiction to hear the case and accept the plea; that he was actually innocent of the charge to which he pled guilty; and that he received ineffective assistance of counsel. On September 5, 2014, Hinkle filed a supplement to this Motion. ECF No. 42. The Government responded in opposition on February 9, 2015. ECF No. 52.

On March 7, 2016, Hinkle became one of 459 defendants appointed counsel for the purpose of determining whether he was eligible for relief under 28 U.S.C. § 2255 in light of the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Mot. and Order, ECF No. 53. He was granted authorization to file a successive § 2255 motion to vacate, which, through counsel, he did on June 10, 2016, ECF No. 54, and which he supplemented on April 5, 2019, ECF No. 57. In his successive motion, Hinkle argues that, *inter alia*, the offense of use of a firearm during and in relation to a Hobbs Act Robbery categorically fails to qualify as a "crime of violence," an element of his conviction under § 924(c). ECF No. 54.  This Motion was stayed for a considerable period pending decisions by the Fourth Circuit and U.S. Supreme Court in relevant cases.

---

[1] The common law Writ of audita querela has been essentially superseded by the Federal Rules of Procedure. *See U.S. v. McRae*, 359 Fed.Appx. 399, *1 (4th Cir. 2009), quoting *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C.[A.] § 2255.").

Following the Supreme Court's subsequent decision in *United States v. Davis*, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019) and the decision of the Fourth Circuit in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), which held that Hobbs Act Robbery still qualifies as a crime of violence, the Federal Public Defender requested to withdraw as counsel in the § 2255 proceeding, which the Court granted. ECF Nos. 58, 59. Hinkle proceeds without counsel in accordance with Local Rule 101.2.a. The Court now considers Hinkle's Motions.

## II.    Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255). The petitioner bears the burden of proof and must establish the claim by a preponderance of the evidence. *United States v. Wilson*, No. CR TDC-95-0493-02, 2021 WL 5826376, at *2 (D. Md. Dec. 8, 2021) (citing *Miller v. United States*, 261 F.2d 546, 574 (4th Cir. 1958)).

Under 28 U.S.C. § 2255(b), the Court must hold a hearing on the motion to vacate, "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . ." *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings. Here, no hearing is necessary and Hinkle is not entitled to relief.

### III.   Discussion

As described, Hinkle has two § 2255 motions before the Court: his Original Motion and supplement thereto, and his Successive Motion and supplement thereto. The Court first addresses the Successive Motion, ECF Nos. 54, 57, then the Original Motion, ECF Nos. 38, 42.

Under federal law, a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" in "furtherance of any such crime" is subject to conviction for the underlying crime of violence as well as for the firearm offense. *See* 18 U.S.C. § 924(c)(1)(A). A crime of violence is defined in 18 U.S.C. § 924(c)(3) as "an offense that is a felony" and:

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Subsection (A) of 18 U.S.C. § 924(c)(3) is commonly referred to as the "force clause" or "elements clause," while subsection (B) is referred to as the "residual clause."

Hinkle's § 924(c) conviction was predicated on his commission of Hobbs Act Robbery,[2] and the elements of the offense to which he pled guilty were: "(1) that the Defendant committed a crime of violence, specifically obstruction of interstate commerce by robbery, for which he might be

---

[2] The Hobbs Act provides:

> "Whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."

18 U.S.C. § 1951(a).  "Robbery" is defined as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

4

prosecuted in a court of the United States; and (2) that the Defendant knowingly used and brandished a firearm in furtherance of that crime of violence." ECF No. 26

Hinkle's Successive Motion, filed in 2016 and supplemented in 2019, argues that his sentence should be vacated pursuant to the to the Supreme Court's ruling in *Johnson*, 576 U.S. 591 and *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018). In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act's definition for violent felony, at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* In *Dimaya*, the Supreme Court applied *Johnson* to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b) and held that the residual clause defining a "crime of violence" under 18 U.S.C. § 16(b) is void for vagueness in violation of due process. *Dimaya*, 138 S. Ct. at 1210. In his Successive Motion, Hinkle suggests that under *Johnson* and *Dimaya*, Hobbs Act Robbery does not constitute a crime of violence for the purposes of his § 924(c) conviction.

At Hinkle's request, the Court stayed the case pending the outcome of another Supreme Court decision, *Davis*, 139 S. Ct. 2319. On June 24, 2019, the Supreme Court issued its decision in *Davis*, ruling that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2334. Accordingly, for an offense to qualify as a crime of violence under § 924(c), it had to meet the definition set forth in Subsection (A), the "force clause."

Subsequently, on July 31, 2019, the Fourth Circuit ruled that Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) categorically qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *Stokes v. United States*, 140 S. Ct. 640, 205 L. Ed. 2d 401 (2019). The court reasoned that Hobbs Act Robbery requires the use, attempted use, or threat of physical force, even when the offense only involves "fear of injury," because that term

5

is synonymous with "intimidation," which necessarily "involves the threat to use [physical] force." *Id.* at 266.

This Court finds the Fourth Circuit's holding in *Mathis* is controlling here. Based on *Mathis*, the Hobbs Act Robbery which Hinkle admitted he committed categorically qualifies as a crime of violence under the force clause of § 924(c). Therefore, his conviction for carrying and brandishing a firearm during and in relation to a crime of violence, which was predicated on the commission of the robbery, remains valid. Hinkle has failed to bear his burden of proof that his sentence was imposed in violation of the Constitution or laws of the United States.

Hinkle's Original Motion, ECF No. 38, raises several additional § 2255 challenges to his sentence—namely, that the Court lacked subject matter jurisdiction to hear his "indictment"[3]; that the Court lacked jurisdiction to accept his plea; that he was actually innocent; and that he received "grossly" ineffective assistance of counsel. None of these arguments has merit.

Though somewhat difficult to understand, Hinkle's first "jurisdiction" argument appears to be that the Court lacked jurisdiction over the 18 U.S.C. § 924(c) charge because he was not convicted of a Hobbs Act violation. But the Court's subject matter jurisdiction over this case has nothing to do with what, in effect, is a legal sufficiency challenge of whether the elements of the § 924(c) charge were met. The Court had jurisdiction over Hinkle because the Superseding Information charged him with a federal crime committed in this District. *See Lamar v. United States*, 240 U.S. 60, 65, 36 S. Ct. 255, 60 L. Ed. 526 (1916) (a district court "has jurisdiction of all crimes cognizable under the authority of the United States . . . "). As the Government points out, whether the Government ultimately met its burden of proof or secured a plea to the charges is a question going to the merits of the charge, but not to the Court's jurisdiction. *Lamar*, 240 U.S. at 65 ("The objection

---

[3] The Court assumes that Hinkle refers to the Superseding Information when he uses the term "Indictment."

that the indictment does not charge a crime against the United States goes only to the merits of the case."). Quite simply: there is no basis to attack the Court's subject matter jurisdiction.

Hinkle's argument as to the Court's supposed lack of jurisdiction to "accept the plea" turns to the same point: that, in his view, he could not plead guilty to the § 924(c) violation absent an underlying separate charge and conviction for Hobbs Act Robbery. The Court notes that Hinkle was charged with Hobbs Act Robbery, a charge that was dismissed, presumably as part of the plea negotiations. But the critical point is this: Hinkle pled guilty to having committed a Hobbs Act violation, even if he was not separately charged and convicted of it.

The Plea Agreement explicitly states that the "elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if this case went to trial, are as follows: (1) that <u>the Defendant committed a crime of violence, specifically obstruction of interstate commerce by robbery,</u> for which he might be prosecuted in a court of the United States; and (2) that the Defendant knowingly used and brandished a firearm in furtherance of that crime of violence." ECF No. 26 at 1 (emphasis added). The first element constitutes Hobbs Act Robbery, *see* 18 U.S.C. § 1951 ("[w]however in any way or degree obstructs . . . commerce . . . by robbery . . . . or attempts ... so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."). The second element addresses 18 U.S.C. § 924 (c) (governing offenses for any "person who, during and in relation to any crime of violence or drug trafficking . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm"). In other words, Hinkle pled guilty to carrying and brandishing a weapon during a robbery.

The Fourth Circuit has held that a conviction under § 924(c) "does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the

7

elements of that offense are proved and found beyond a reasonable doubt." *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997). Hinkle "agreed to plead guilty" to the predicate offense, ECF No. 26 at 1, and the Court accepted the plea. *See United States v. Crawley*, 2 F.4th 257, 264 (4th Cir. 2021), quoting *United States v. Carr*, 271 F.3d 172, 178 n.6 (4th Cir. 2001) ("A district court 'need not satisfy itself that a jury would find the defendant guilty, or even that the defendant is guilty by a preponderance of the evidence,' but instead 'must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'"). Hinkle pled guilty to the § 924(c) offense, including the predicate offense of Hobbs Act Robbery. He did need, as he contends, to be convicted of a separate charge of the predicate offense.

Moreover, the statement of facts Hinkle signed alongside the plea, as outlined in the background above, further establishes that the predicate offense was satisfied. *See Crawley*, 2 F.4th at 264 (affirming district court denial of § 2255 motion; defendant's stipulation to factual basis for drug offense predicate supported § 924(c) conviction). Hinkle stipulated that he approached the store employee, pointed the pistol at the employee, attempted to open the cash register but was unsuccessful, and that the 7-11 was a business that sold items that traveled in interstate commerce. Hinkle signed the Plea Agreement, including an acknowledgment that the statement of facts was true and correct. ECF 26-1.[4] At his Rearraignment, the Court asked Hinkle if these facts were accurate, and he responded "Yes, sir." ECF No. 52-1 at 21. In sum, Hinkle pled guilty to the elements of the required predicate offense of a crime of violence. The lack of a separate conviction for Hobbs Act Robbery is no basis to vacate his § 924(c) conviction.

---

[4] Hinkle also argues that because he did not successfully steal any items or money from the store, there was no underlying crime. He also argues that because similar charges were entered nolle prosequi in the Circuit Court for Prince George's County, it was clear there was "no case" against him. Neither of these arguments has merit. As stated, Hobbs Act Robbery includes an attempt to threaten physical violence to any person or property in furtherance of a plan to commit robbery. Hinkle pled guilty to that. His argument that similar charges were entered nolle prosequi in the state Court are of no relevance to his guilt here, particularly where he has admitted that he was "in fact guilty" of the offense.

8

As to Hinkle's claim that he was "actually innocent" of the charge, Hinkle appears to again be arguing that he cannot be guilty of a § 924(c) offense because he was not convicted of a crime of violence. But Hinkle pled guilty to the predicate offense, namely Hobbs Act Robbery. Where such a plea is made, only if a defendant can point to "extraordinary circumstances" that would justify a finding that conflicts with his sworn statements in open court, would the court consider concluding otherwise. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Hinkle points to no such circumstances at the plea colloquy. The Court asked Hinkle if he was entering into the plea voluntarily, he said "Yes, sir." The Court asked if he was threatened or coerced, he said "No, sir." *Id.* Then, after going through the terms of the Plea Agreement, the Court asked Hinkle, "Taking into account everything said, do you still choose to plead guilty to this charge?" and Hinkle answered "Yes." *Id.* at 22. The Court finished by asking Hinkle if there was anything he did not "fully understand about these proceedings." Hinkle answered, "No." *Id.* at 21-22. Hinkle's actual innocence argument comes down to his same legal argument regarding § 924(c), an argument the Court has already rejected.

Finally, Hinkle argues that he received ineffective assistance of counsel justifying vacatur of his conviction. On an ineffective assistance of counsel claim, a movant must satisfy the two-part test first elucidated by the Supreme Court in *Strickland v. Washington*, which provides that a defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). These two elements are typically referred to as the "performance" and "prejudice" prongs. *See Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). The "most substantial burden" is on the petitioner. *Premo v. Moore*, 562 U.S. 115, 131 S. Ct. 733, 46, 178 L. Ed. 2d 649 (2011); *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). Since a petitioner bears

9

the burden of proving both Strickland elements, he fails to satisfy his overall burden if he fails to prove either. *Id.*

Hinkle says his counsel did not "attempt to develop a viable defense," and did not explain the defenses Hinkle raises here (i.e., his supposed jurisdictional and other defenses that flow from his erroneous view that he could not be convicted of a § 924(c) offense based on his plea to the predicate offense). He says that this "total dereliction and horrible advice" was "the singular cause" of his entering a guilty plea. ECF No. 42 at 19-21.

As for demonstrating unreasonable attorney performance, the Court notes that it "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Hinkle points to no evidence that counsel's conduct fell outside this wide range of reasonable professional assistance, merely declaring that to be so, based on his own misunderstanding of defenses he erroneously believed were available. To be clear: Counsel did not err in failing to argue that Hinkle could not plead guilty to a § 924(c) offense. That argument, even if it had been made, would, as explained above, have been incorrect. Declining to make a frivolous argument is not ineffective assistance of counsel. Indeed, at the plea colloquy, when asked if he "was satisfied with [his attorney's] services?" Hinkle responded "Yes, sir." Gov. Ex. 1 at 22.

Further, even if counsel had somehow been ineffective, Hinkle has not demonstrated the requisite prejudice. *See Strickland*, 466 U.S. at 694. To show prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The Court carefully inquired of Hinkle at his plea hearing whether he understood the terms of the Plea Agreement. He said he did. His conclusory assertion long after the fact that he would have rejected a plea had counsel pursued unavailing defenses is insufficient to show

10

prejudice. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (conclusory assertions insufficient to establish prejudice under *Strickland*). Even if defense counsel had raised Hinkle's putative "defense" that he could not be convicted on 924(c) because he was not also convicted of the underlying offense Hobbs Act Robbery, the argument would have failed as a matter of law. It could not have prejudiced Hinkle. Hinkle, has, in short, failed to demonstrate ineffective assistance of counsel.

Accordingly, the Original Motion to Vacate, ECF No. 38, as well as the Successive Motion to Vacate, ECF No. 54, are **DENIED**.

## IV.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). The Court has considered the record and finds that Hinkle has not made the requisite showing.

## V.    Conclusion

For the foregoing reasons, Hinkle' Motion to Vacate (ECF No. 38) and Successive Motion to Vacate (ECF No. 54) are **DENIED,** and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE.**

Date: August  16, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE